**BLACK SHEEP, INC., Petitioner,**

v.

**STATE of Colorado, DIVISION OF EMPLOYMENT AND TRAINING and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 90CA0377.**

Colorado Court of Appeals,
Div. II.

Dec. 20, 1990.

John D. Moats & Associates, P.C., John D. Moats, Mark H. Scheffel, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carol A. Finley, Asst. Atty. Gen., Denver, for respondents.

Opinion by Chief Judge STERNBERG.

The petitioner, Black Sheep, Inc. (Black Sheep), seeks review of the final order of the Industrial Claim Appeals Office (Panel) determining that Linda Jenkins, a corporate officer of Black Sheep, was an "employee" under § 8–70–103(10)(a), C.R.S. (1986 Repl.Vol. 3B) and, thus, was in covered employment for purposes of tax liability under § 8–76–102, C.R.S. (1986 Repl.Vol. 3B). We vacate the order and remand for further proceedings.

Linda Jenkins performed services for Black Sheep as a snowplow operator. She was also a corporate officer of Black Sheep. Black Sheep contends the snowplow operator services were performed as an independent contractor. During the first two quarters of 1988 she performed some 72 hours of service as a snowplow operator, for which she was compensated. She also worked "a couple of nights a week" as secretary-treasurer of the corporation, but was not compensated for these services. Because of her status as a corporate officer, the Panel concluded that Jenkins was in covered employment under § 8–70–103(10)(a), C.R.S. (1986 Repl.Vol. 3B) and that, therefore, all remuneration paid to her must be reported to the Division of Employment.

Section 8–70–103(10)(a), provides that "employment, subject to other provisions of this subsection (10), includes any service performed ... by an employee as defined in section 3306(i) of the Federal Unemployment Tax Act...." That federal statute, 26 U.S.C. § 3306(i) (1986), adopts the definition of "employee" set forth in 26 U.S.C. § 3121(d) (1986), which states that the term includes "any officer of a corporation."

Black Sheep contends that the Panel erred in failing also to consider 26 U.S.C. §§ 3121(c), 3306(d), and 3402(e), because incorporation of these federal statutes is necessary to keep the Colorado Employment Security Act, § 8–70–101, et seq., C.R.S. (1986 Repl.Vol. 3B) (Colorado Act) in conformity with the Federal Unemployment Tax Act, 26 U.S.C. 3301, et seq. (1986) (Federal Act). In support of its contention, Black Sheep relies on § 8–70–108, C.R.S. (1986 Repl.Vol. 3B), and *Industrial Commission v. Board of County Commissioners*, 690 P.2d 839 (Colo.1984).

Section 8–70–108 provides:

"If any provisions contained in [the Colorado Act] are determined to be in nonconformity with federal statutes ... the division ... is authorized to administer said articles so as to conform with the provisions of the federal statutes...."

In *Industrial Commission, supra*, the court found that this statute was enacted to insure that the state statutes were interpreted and administered in conformity with the federal statutes. However, there is no non-conformity between 26 U.S.C. §§ 3121(c), 3306(d), or 3402(e) and the Colorado Act, and thus, their incorporation is not required.

The provisions set out 26 U.S.C. §§ 3121(c) and 3402(e) are not part of the Federal Act. The former is part of the Federal Insurance Contributions Act, 26 U.S.C. § 3101, et seq. (1986), which governs Social Security contributions, and the latter is part of the statutory scheme governing

withholding of *income* taxes, 26 U.S.C. § 3401, et seq. (1986). As such, their incorporation into the Colorado Act is not required.

Although 26 U.S.C. § 3306(d) is part of the Federal Act, § 8–70–103(18.5), C.R.S. (1986 Repl.Vol. 3B) is virtually identical to this federal statute. Because there is no conflict, no incorporation is required. Therefore, it is only necessary to consider § 8–70–103(18.5), C.R.S. (1986 Repl.Vol. 3B).

Section 8–70–103(18.5) provides that if the services performed by an employee during more than half of any payroll period do not constitute employment, then none of the services performed by that employee during that period constitute employment. Section 8–70–103(10)(a), however, provides that "employment" includes *any* service performed by an *employee, as* defined by the Federal Act. Thus, the Panel concluded that, since Jenkins was an "employee" under the Federal Act, because of her status as a corporate officer, any service performed by her was in covered employment. We disagree with this interpretation because it does not take into account § 8–70–103(18.5).

Because this statute is related to and concerns the same subject matter as § 8–70–103(10)(a), these statutes must be read and construed together. *See Department of Social Services v. Board of County Commissioners,* 697 P.2d 1 (Colo.1985).

Under § 8–70–103(18.5), whether a worker is in covered employment depends on the *nature* of the services performed. Some services by a worker may constitute employment, while other services by the same employee may not. Construing the two statutory sections together, we hold that only the services of a nature typically associated with the position of corporate officer can constitute per se employment under § 8–70–103(10)(a). Hours worked in another capacity must be considered separately to determine whether a worker is in covered employment under § 8–70–103(18.5).

The referee and the Panel did not consider whether Jenkins' activities as a snow-plow operator constituted "covered employment" under § 8–70–103(10)(a)(I) and (III), C.R.S. (1986 Repl.Vol. 3B), and made no findings whether Jenkins worked more hours as a snowplow operator than as secretary-treasurer in any particular pay period. Nor did the referee and Panel consider § 8–70–103(18.5). In the absence of such findings, we cannot determine whether the Panel erred in holding that Jenkins was in covered employment based on her status as a corporate officer.

The order is vacated and the cause is remanded to the Panel with directions to remand to the referee for further findings.

HUME and RULAND, JJ., concur.